■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY RICHARDSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered November 14, 1977, which, *inter alia,* dismissed the indictment against the defendant-respondent pursuant to CPL 210.20 (subd 1, par [c]) owing to a defect in the underlying Grand Jury proceedings. Order reversed, on the law, and indictment reinstated. This is

one of the myriad of looting cases arising from the criminal activity generated during the blackout crisis of July, 1977. The majority of these cases was presented to Grand Juries which were given special instructions and which were informed, upon the *voir dire,* that they would be dealing with blackout cases. They were cautioned to avoid sympathy or revenge. However, the defendant's case was presented to the regular July Grand Jury, which was not given special instructions or told, upon the *voir dire,* that it would be dealing with blackout cases. The indictment, which was handed up on legally sufficient evidence, was dismissed because it was determined that the lack of special instructions impaired the integrity of the proceeding, creating a possibility of prejudice to the defendant. The indictment should not have been dismissed. This particular Grand Jury heard few looting cases. It was not informed that this case was related to the blackout. Under these circumstances, the instructions which were given and repeated, and which included provisions directing the panel to disregard media reports and to decide the case on legally sufficient evidence, were adequate. Latham, J. P., Gulotta, Margett and Hawkins, JJ., concur.